MACHUCA, SONS & CO., APPELLANTS, *v.* THE REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Sale.

No. 219.—Decided July 10, 1915.

RECORD OF TITLE—BRIEF OF REGISTRAR—GROUNDS FOR REFUSAL TO RECORD.—The brief is not the document in which the registrar is required to assign the

legal reasons for his decision. It is his duty, pursuant to the imperative provisions of the act providing for appeals from decisions of registrars of property, approved March 1, 1902, to set out clearly and concisely at the foot of the document the legal reasons for his refusal, and later he may submit to this court whatever arguments he may deem proper in support of his action.

ID.—JUDICIAL SALE—DEED BY MARSHAL—DUE LEGAL PROCEEDING.—When the deed of judicial sale executed by the marshal does not state what proceedings were prosecuted for the recovery of the mortgage credit—whether the special summary proceeding authorized by the Mortgage Law or the ordinary proceeding established by the Code of Civil Procedure—or whether the proceeding was followed upon default of the defendant, or how he was summoned, or what was the judgment rendered, or whether the order of sale at public auction was issued to the marshal for the execution of the judgment, it fails to show that there was a due legal proceeding, which the registrar should know in order to pass upon the instrument.

ID.—JUDICIAL SALE—REFERENCE TO PROCEEDING.—It is not sufficient that the notary make reference in a deed of judicial sale to the proceedings of the court. Such copies of those proceedings as may be necessary should be presented to the registrar so that he may have an opportunity of knowing whether the law has been complied with, or the same should be copied in the deed from the originals or from copies duly issued and certified, for in no other way can the rights of a subsequent purchaser be protected.

DEED—PARTIES TO DEED—ATTESTING CLAUSE.—When the notary states in the deed that he knows the parties and their civil status and the instrument terminates with the usual formula, "to all of which I certify," this is sufficient proof that the notary attested that he knew the parties.

The facts are stated in the opinion.

*Mr. Celestino Domínguez Rubio* for the appellant.

Mr. Felipe Cuchí, the registrar, appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

A deed of sale to two rural properties executed by Tomás Escalera, Marshal of the District Court of Guayama, on January 21, 1914 (*sic*), before Notary Celestino Domínguez in favor of the firm of •A. Machuca, Sons & Company, represented by Salvador García y Díaz, a partner, having been presented in the Registry of Property of Guayama, the registrar refused to admit the same to record for the reasons stated in the following decision:

"Admission to record of the foregoing instrument is denied because it does not appear therefrom that the formalities prescribed by the Code of Civil Procedure have been observed in ordering the

sale at public auction of the property of defendant Victoriano Marcial and because the notary failed to certify that he knew the parties to the instrument. Also, the erroneous date of the instrument and the fact that Victoriano Marcial appears in the registry in relation to the property of 14.50 *cuerdas* under the second surname of Incognito, are assigned as curable defects."

From the foregoing decision the purchasing firm of A. Machuca, Sons & Company appealed to this court.

The appellant rightly complains that the registrar has not detailed the defects in the deed which is refused admission to record, albeit he was informed later by the said registrar that the defects consisted in that it did not appear from the deed that the defendant had been duly summoned and the judgment rendered in the case which gave rise to the appeal was not transcribed in the deed.

In his brief the registrar contends that said defects exist. The brief is not the document in which the registrar is required to assign the legal reasons for his decision. It is his duty, pursuant to the imperative provisions of the Act providing for appeals from decisions of registrars of property, approved March 1, 1902, to set out clearly and concisely at the foot of the document the legal reasons for his refusal, and later he may submit to this court whatever arguments he may deem proper in support of his action.

An examination of the deed which originated the decision appealed from discloses *prima facie* that in an action brought by A. Machuca, Sons & Company in the District Court of Guayama against Victoriano Marcial Rodríguez and his wife, Marcelina González, to recover a mortgage credit of $1,269.23 with interest thereon at 1 per cent monthly and $200 for costs, disbursements and attorney fees, the secretary of said court isued an order to the marshal commanding him to sell the mortgaged property described therein at public auction and to satisfy the claim of the plaintiff company out of the proceeds; that in compliance with the said order notices were posted announcing the sale at public auction; that the sale was set for January 8 of the present year at 3 p. m., and

that the properties so sold were bid in by the plaintiffs—one for $515 and the other for $180—which sums were to be credited against the amount claimed.

The deed does not state what proceedings were prosecuted for the recovery of the mortgage credit—whether the special summary proceeding authorized by the Mortgage Law or the ordinary proceeding established by the Code of Civil Procedure—nor whether the proceeding was pursued upon default of the defendant, nor how the defendant was summoned, nor what was the judgment rendered, nor, what is still more important, whether the order of sale at public auction was issued to the marshal for the execution of said judgment.

In the case of *Ortiz* v. *The Registrar of Guayama, ante* page 316, we said:

"As the title of the purchaser depends upon whether there was a due legal proceeding, we think that in the deed denied record it should have been shown that the court acquired jurisdiction over the defendants, and in any case the final judgment from which the marshal derived his authority should have been included."

The deed does not show that there was a due legal proceeding. In order to pass upon the instrument it is necessary that the registrar should know whether a due legal proceeding was prosecuted and for this purpose, as we said in the case of *Orcasitas* v. *The Registrar of Property,* 21 P. R. R., 523, it is not sufficient that the notary should recite the proceeding had in a district court, but such copies of those proceedings as may be necessary should be presented to the registrar so that he may have an opportunity of knowing whether the law has been complied with, or the same may be copied in the deed from the originals or from copies duly issued and certified, for in no other way can a subsequent purchaser be notified.

As regards the defect that the notary failed to certify that he knew the parties to the deed, he stated in the said

deed that he knew the parties and their civil status, terminating with the usual formula, *to all of which I certify.*

The foregoing defect does not exist, this point having been decided in the case of *Del Valle* v. *The Registrar,* 16 P. R. R., 755.

The other two defects assigned in the decision as curable have been acknowledged by the appellant and therefore their discussion is unnecessary.

For the foregoing reasons the decision of the Registrar of Property of Guayama of February 11, 1915, except as to the part assigning as a defect that the notary before whom the deed was executed failed to certify that he knew the contracting parties, is

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.